#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEW MEXICO

ROBERT HEMBREE, individually and on behalf
of all others similarly situated,

        Plaintiff,

v.                                                       No. CIV 20-00343 RB/CG

3-D OIL FIELD SERVICES & RENTAL, L.L.C.,

        Defendant.

#### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the parties' Agreed Motion for Conditional Certification, filed on December 14, 2020 (Doc. 20).

**I.    Background**

3-D Oil Field Services & Rental, L.L.C. (3-D) "is a Texas limited liability company that does business in a systematic and continuous manner in New Mexico . . . ." (Doc. 1 (Compl.) ¶ 19.) Plaintiff Robert "Hembree worked for 3-D as a Test Operator from approximately August 2019 through April 2020." (*Id.* ¶ 9.) Hembree asserts that throughout his employment, 3-D paid him a day rate only with no overtime compensation. (*Id.* ¶ 10.) He alleges that 3-D also failed to pay similarly situated workers overtime pay. (*Id.* ¶ 1.)

Hembree now brings claims against 3-D to recover the unpaid overtime and other damages pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, and the New Mexico Minimum Wage Act (NMMWA), N.M. Stat. Ann. §§ 50-4-19–30. (Compl. at 1.) He brings his action individually and on behalf of similarly situated employees pursuant to the FLSA, and also as a Rule 23 class action pursuant to the NMMWA.

## II.	FLSA Wage Requirements

An employee may bring a collective action on behalf of "similarly situated" employees for damages against an employer who violates the FLSA. 29 U.S.C. § 216(b). "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources[,]" and benefits the judicial system by more efficiently resolving "common issues of law and fact arising from the same alleged . . . activity." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Whereas putative class members in class actions brought under Rule 23 must opt out, putative class members under the FLSA must opt-in to the class in writing. *See Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002); 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). "District courts have discretion to authorize a party asserting FLSA claims on behalf of others to notify putative class members that they may choose to 'opt-in' to the suit." *Kerr v. K. Allred Oilfield Servs., LLC*, No. 2:20-CV-00477-WJ-SMV, 2020 WL 6799017, at *2 (D.N.M. Nov. 19, 2020) (citing *Hoffmann-La Roche*, 493 U.S. at 169). "Court-authorized notice protects against misleading communications by the parties, resolves the parties' disputes regarding the content of any notice, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute." *Id.* (citing *Hoffmann-La Roche*, 493 U.S. at 170–71).

The FLSA entitles covered employees who work more than 40 hours in a workweek to pay "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). The FLSA's overtime provision is meant to "compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work and to spread employment through inducing employers to shorten hours because of the pressure of extra cost." *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1304 (10th Cir. 2011) (quotation omitted).

### III. Two-Stage Collective Action Certification

Section 216(b) requires that class members be "similarly situated." To determine whether class members are similarly situated, the Tenth Circuit has approved of a two-step "*ad hoc*" approach. *See Thiessen*, 267 F.3d at 1105. At the first step, "prior to the completion of discovery, a court typically makes an initial 'notice stage' determination of whether the plaintiffs are 'similarly situated.'" *Kerr*, 2020 WL 6799017, at *2 (citing *Theissen*, 267 F.3d at 1102–03). At this stage, a court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (quoting *Theissen*, 267 F.3d at 1102) (alterations in original); citing *Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1312 (D.N.M. 2017) ("The record need only be 'sufficiently developed' to allow court-facilitated notice based upon 'substantial allegations or some factual support.'") (quotation omitted)). The Court looks to the allegations in the complaint, including any sworn statements, to determine whether the named plaintiff and the putative class members are similarly situated. *See id.*; *see also Landry v. Swire Oilfield Servs., L.L.C.*, No. 16-cv-621-JB/LF, 252 F. Supp. 3d 1079, 1114–15 (D.N.M. 2017) ("A plaintiff 'need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'") (citations omitted). The burden at the first step is "fairly lenient." *Theissen*, 267 F.3d at 1103. "Conditional certification in the notice stage, however, is by no means automatic: at least some evidence beyond unsupported factual assertions must be presented." *Kerr*, 2020 WL 6799017, at *2 (quoting *Eagle v. Freeport-McMoran, Inc.*, No. 2:15-CV-00577-MV-SMV, 2016 WL 7494278, at *2 (D.N.M. Aug. 3, 2016) (alterations in original)). "If the Court conditionally certifies the class based on Plaintiff's allegations, notice may be sent providing for the opportunity to opt-in and discovery may proceed on the merits." *Id.* (citing *Theissen*, 267 F.3d at 1102–03).

The second step of the *ad hoc* approach occurs "[a]fter the opt-in period has closed" and is "usually prompted by a defendant's motion to certify the class . . . ." *Id.* at *3 (citation omitted). The Court's determination at the second stage utilizes a "stricter standard" to determine whether the class members are similarly situated. *Id.* (citing *Theissen*, 267 F.3d at 1102–03). Once the class members have been identified,

"the court may reevaluate the conditional certification 'to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis.'" *Id.* (quoting *Russell v. Ill. Bell Tel. Co.*, 575 F.Supp.2d 930, 933 (N.D. Ill. 2008)). To make this determination, the "'court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required' before they commenced their lawsuit." *Id.* (quoting *Theissen*, 267 F.3d at 1103).

### IV. Conditional certification is appropriate.

For purposes of the Motion for Conditional Certification, the parties have agreed to conditional certification of the following class pursuant to the FLSA: "Current and former 3-D Oil Field Services & Rental, L.L.C., workers who were classified as employees and performed work on behalf of 3-D in the three years prior to the date the Court grants conditional certification and were paid a day rate (the 'Putative Class Members')."[1] (Doc. 20 at 1.) Mr. Hembree describes 3-D's business and its employees' various responsibilities. (Compl. ¶¶ 23, 25, 36 ("For the purposes of an FLSA overtime claim, the Day Rate Workers performed substantially similar job duties related to the servicing of the oil and gas operations of 3-D's clients in the field.").) He asserts that "[b]ased on his experiences and tenure with 3-D, [he] is aware that 3-D's illegal practices were impose on other Day Rate Workers . . . ." (Compl. ¶ 63.) He further asserts that "[d]ozens of other individuals who worked with [him] indicated they were paid in the same manner . . . and were not properly compensated for all hours worked as required by state and federal wage laws." (*Id.* ¶ 61.) Noting that 3-D has consented to the motion, the Court finds that Mr. Hembree has alleged "substantial allegations that the putative class members were together the victims of a single decision,

---

[1] The current motion only relates to the collective action provision in the FLSA; it is *not* for class certification pursuant to the NMMWA and Rule 23. (*See* Doc. 20.)

policy, or plan."[2] *See Thiessen*, 267 F.3d at 1102 (quotation omitted); *see also Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification").

## V.    The Court approves the proposed schedule for notice.

The parties have proposed an agreed-upon schedule and form of notice. (*See* Docs. 20 at 2; 20-1.) The Court approves the proposed scheduled, Notice, and Consent Form as outlined by the parties. (*See* Docs. 20 at 2; 20-1.)

**THEREFORE,**

**IT IS ORDERED** that the Agreed Motion for Conditional Certification (Doc. 20) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Court conditionally certifies the following collective action, pursuant to U.S.C. § 216(b), for purposes of this case: Current and former 3-D Oil Field Services & Rental, L.L.C., workers who were classified as employees and performed work on behalf of 3-D in the three years prior to the date of this Order and were paid a day rate (the "Putative Class Members").

**IT IS FURTHER ORDERED** that the Court approves the Parties' proposed forms for notice to putative class members, consent to join, and email notification (Exhibit 1 to the Agreed Motion). The Court further orders that the Parties follow the below schedule in connection with notice to the Putative Class Members:

| DEADLINE | SUBJECT |
|---|---|
| **10 days from the date of this Order** | Defendant to provide to Plaintiff's Counsel in Excel (.xlsx) format the following information regarding all Putative Class Members to the extent Defendant has this information in their possession: full name; last known address(es) with city, state, and zip code; last known e-mail address(es) (non-company address); last known phone numbers; beginning date(s) of engagement; and ending date(s) of engagement (if applicable). |

---

[2] 3-D asserts that although it has joined in this motion for conditional certification, it reserves "its right to argue that the above class should be decertified, to argue that this lawsuit is not properly maintained as a class or collective action, and/or to advance any defenses that it may have to the substantive claims in this lawsuit." (*See* Doc. 20 at 1.)

| DEADLINE | SUBJECT |
|---|---|
| **21 days from the date of this Order** | Plaintiff's Counsel shall send a copy of the Court-approved Notice and Consent Form to the Putative Class Members by First Class U.S. Mail, text and by email.  Plaintiff's Counsel shall inform Defendant of the date on which such Notice and Consent Form is mailed. |
| **30 days from mailing of Notice and Consent Forms to Putative Class Members** | Plaintiff's counsel is authorized to send an identical Court-approved Notice and Consent Form to the Putative Class Members who have not opted-in.  Plaintiff's Counsel shall inform Defendant of the date on which such Notice and Consent Form is mailed. |
| **60 days from the original date of mailing of Notice and Consent Forms to Putative Class Members** | The Putative Class Members shall have 60 days to return their signed Consent forms to Plaintiff's Counsel for filing with the Court. |

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE